**SIOUX CITY BRICK & TILE CO., Appellee,**

v.

**EMPLOYMENT APPEAL BOARD, Appellee,**

and

**Edward J. Thompson, Kevin Ruring, Bryan Palmer, Russell Ingalls and David McCarthy, Appellants.**

No. 88–1778.

Supreme Court of Iowa.

Dec. 20, 1989.

Dennis M. McElwain, Sioux City, for appellants.

Blair H. Dewey and William C. Whitten, Des Moines, for appellee Employment Appeal Bd.

Greg A. Naylor and Joseph A. Quinn of Nyemaster, Goode, McLaughlin, Emery &

O'Brien, P.C., Des Moines, for appellee Sioux City Brick & Tile Co.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Upon judicial review of a decision of the Employment Appeal Board (EAB), the district court reversed the action of the agency. Because we believe the district court erred, we reverse and remand.

I. *Background facts and proceedings.* Prior to May 1983, Thompson, Ruring, Palmer, Ingalls and McCarthy (the claimants) were employed by Ballou Brick Company, which was then a subsidiary of Sioux City Brick & Tile Company. The two companies merged in January 1987. Because Sioux City Brick & Tile is the successor of Ballou, we will refer to it as the claimants' employer.

The claimants were laid off from their jobs in May 1983. Each claimant subsequently collected unemployment compensation benefits from Job Service of Iowa. The employer's account with Job Service was charged for the cost of the benefits. *See* Iowa Code § 96.7 (1987).[1] When the benefits were paid, the claimants were eligible for the benefits under Iowa Code section 96.4 and were not disqualified from receiving them under Iowa Code section 96.5. Subsequently, each claimant was discharged from employment by the employer. The date of discharge varied among the claimants.

Sometime after being laid off, the claimants filed an unfair labor practice complaint against the employer with the National Labor Relations Board (NLRB). The claimants eventually prevailed against the employer on the complaint, and the NLRB issued an order requiring the employer to pay the claimants back pay. The employer and the claimants negotiated a settlement as to the amount of back pay necessary to

---

1. The benefits recovery proceedings in this case were begun in 1987, although each claimant's initial entitlement to benefits was determined under 1983 law. In 1986, our legislature moved the enabling law concerning the EAB from Iowa Code chapter 96 to chapter 10A. *See* 1986 Iowa Acts ch. 1245, §§ 515–23. The other parts of chapter 96 relevant to this case were unchanged. For the sake of clarity, we will use the 1987 Iowa Code throughout our opinion.

satisfy the NLRB order as to each claimant, the NLRB approved the settlement, and the employer paid each claimant the agreed upon amount of money. The payments included compensation not only for lost wages, but also for so-called "non-wage" items like insurance benefits, equipment allowances, job search expenses and other fringe benefits lost to the claimants during their lay off from employment.

The employer notified Job Service of these back pay awards and requested that Job Service recover the unemployment compensation benefits paid the claimants. *See* Iowa Code § 96.3(8). The employer requested that its account with Job Service be credited for the recovery. *See* 345 Iowa Admin.Code 5.15. Job Service did, in fact, determine that the claimants had been overpaid varying amounts of unemployment compensation benefits, due to their receipt of back pay. In October 1987, Job Service sent separate notice of this determination to each claimant. Citing Iowa Code sections 96.3(7) and 96.3(8), Job Service sought to recover from each claimant the amount of benefits paid that claimant for the weeks for which the claimant had since been awarded back pay. The amount of benefits sought to be recovered varied among the claimants, depending on the overlap between the weeks for which the claimant had collected unemployment compensation benefits and the weeks for which the claimant had been awarded back pay. Each claimant contested the attempted recovery by intra-agency appeal. *See generally* Iowa Code § 17A.15.

The claimants' contested cases were assigned separate hearing numbers. Because the cases turned on the same facts, the claimants and the employer agreed that all five cases should be consolidated for hearing before the Job Service hearing officer.

At the hearing, the claimants and the employer agreed that the claimants had received unemployment compensation benefits, and that the NLRB had awarded the claimants compensatory back pay. The parties disagreed, however, as to overlap of the unemployment compensation benefits and the back pay awards. The claimants argued that the back pay awards were not exactly duplicative of the unemployment compensation benefits they had received because some of the back pay related to weeks in which they had not claimed unemployment compensation benefits,[2] and also because the back pay awards included items of nonwage compensation.

The hearing officer issued a nearly identical, but separate, decision on each claimant's appeal.[3] Analogizing this case to an initial determination of benefits entitlement case under Iowa Code section 96.6(2), the hearing officer ruled that for benefits to be recoverable under section 96.3(8),[4] the party seeking to justify recovery of the benefits must establish the facts necessary to support the recovery. The hearing officer ruled that in this case it was the employer's burden to show that the back pay it paid the claimants duplicated the unemployment compensation benefits sought to be recovered. Because the back pay in these cases included some items of nonwage compensa-

2. In other words, the claimants argued that the unemployment compensation benefits paid to them and the back pay awarded to them did not have "temporal overlap."

3. The decisions varied in that the amount of benefits at stake differed between the claimants. In addition, Thompson's case involved a dispute as to whether the notice of overpayment had been timely contested. The hearing officer determined that all the notices of overpayment had been timely contested. That determination is not challenged here.

4. The governing law in this case is clearly Iowa Code section 96.3(8) and the agency rules imple-

menting that section, for example, 345 Iowa Administrative Code section 5.15. This case does not involve a determination that the claimants were ever ineligible to receive benefits, or disqualified from receiving benefits, under Iowa Code sections 96.3(7), 96.4 or 96.5. This case also is not an initial determination of benefits entitlement case under section 96.6. Section 96.3(8) provides, in relevant part:

> *Back pay.* If an individual receives benefits for a period of unemployment and subsequently receives a payment *for the same period* from the individual's employer in the form of or in lieu of back pay, the benefits shall be recovered.

(Emphasis added.)

tion, and the employer did not establish what portion of the back pay was so constituted, the hearing officer ruled that the employer had failed to carry its burden. The hearing officer also impliedly ruled that the employer had failed to prove temporal overlap between the unemployment compensation benefits and the back pay awards.

By five separate notices of appeal, the employer timely appealed the decision of the hearing officer in each claimant's contested case to the EAB. *See* Iowa Code § 10A.601(4). The cases were briefed together. The EAB eventually issued identical, but separate, decisions in the appeal of each claimant's case. The EAB affirmed the decision of the hearing officer and adopted his opinion in each case.

The employer applied for rehearing in all five cases. *See* Iowa Code § 10A.601(7). The EAB denied the applications by identical, but separate, orders on March 29, 1988.

The employer filed its petition for judicial review of Thompson's contested case on April 27, serving Thompson, his attorney, and the EAB. *See* Iowa Code §§ 10A.601(7), 17A.19. The petition alleged error in interpreting Iowa Code section 96.3(8), the benefits recovery statute applicable to back pay situations. The claimants other than Thompson were not mentioned anywhere in the petition or its attachments, nor were those claimants served a copy of the petition. Thompson and the EAB timely answered the petition.

On May 18, the employer moved the court for leave to amend its petition for judicial review. By amendment of its petition, the employer sought to incorporate all five contested cases involved in this appeal into one judicial review proceeding. The employer argued that the five contested cases had been consolidated into one, so that its timely filing of a petition for judicial review in Thompson's case adequately preserved its right to judicial review in all five cases.

The claimants and the EAB resisted the employer's motion. They argued that the five contested cases were separate, although consolidated for hearing before the agency, and that because more than thirty days had passed since the EAB's denial of rehearing in all of the cases, the employer's petition for judicial review of the contested cases other than Thompson's was untimely. *See* Iowa Code §§ 10A.601(7), 17A.19. The claimants and the EAB argued that the district court had no authority to grant a motion for leave to amend the petition for judicial review, where to do so would add new contested cases to the judicial review proceeding after the time for petitioning for judicial review in those cases had passed.

The motion for leave to amend was granted by the court, without explanation, on August 8.

In its decision on the petition for judicial review, the district court first found as a fact—contrary to the finding of the agency—that there was temporal overlap between the unemployment compensation benefits paid the claimants and the NLRB back pay awards. The court did not address the agency's allocation of the burden of proof of recoverability to the employer. The court then held that the EAB had erred in its interpretation of section 96.3(8). The court held that in order to justify recovery under section 96.3(8), it is not necessary for anyone to establish what portion of the back pay award constituted wage, as opposed to nonwage, compensation; both types of compensation are back pay under section 96.3(8). The court reversed the decision of the EAB, and ordered the notices of overpayment reinstated and the employer's account with Job Service credited for the amount of unemployment compensation benefits paid the claimants.

The claimants appealed to this court. *See* Iowa Code § 17A.20.

■ II. *Judicial review jurisdiction over actions of the Employment Appeal Board.* On appeal from a district court judgment in a judicial review proceeding, our task is to determine whether the district court correctly applied the law. Like the district court, we apply the standards of Iowa Code section 17A.19(8) to the agency action. If our conclusions match those

of the district court, we affirm; if not, we reverse or modify. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987); Iowa Code § 17A.19(8).

The threshold question is whether the district court had authority to review the action of the Employment Appeal Board in the contested cases other than Thompson's.[5]

■ A. *The agency action at issue.* At the outset, we reject the employer's contention that this case involves review of only one, and not five, agency actions. Each of the five claimants separately applied for unemployment compensation benefits. They collected different amounts of benefits for different weeks. They were eventually issued separate notices of overpayment, none of which referred to the situation of any other claimant. When each claimant separately contested the notice of overpayment issued in his case, the agency assigned a separate hearing number to each case. Although the cases were consolidated for hearing before the hearing officer to avoid duplication of effort, a separate, written decision was rendered in each claimant's case, not only by the hearing officer but also throughout the intra-agency appeals. In short, the claimants are not coparties to a single agency action; their contested cases are similar but, at the same time, separate.

■ B. *Timeliness of the petition for judicial review.* The Employment Appeal Board is a division of the department of inspections and appeals empowered to hear and decide contested cases under Iowa Code chapter 96, the Iowa Employment Security Law. *See* Iowa Code § 10A.601(1). Decisions of the EAB are made subject to judicial review by properly filing a petition for judicial review pursuant to Iowa Code section 17A.19. Iowa Code § 10A.601(7). Section 17A.19(3) provides, in relevant part:

If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied.

■ In this case, the employer's application for rehearing with the agency under section 17A.16(2) was denied by the agency in all five contested cases on March 29, 1988. To be timely, the employer's petition for judicial review of the agency's actions must have been filed within thirty days of that date, that is, by April 28. Timely petition to the district court is a jurisdictional prerequisite for judicial review of final agency action. *See Ford Motor Co. v. Iowa Dep't of Transp.*, 282 N.W.2d 701, 703 (Iowa 1979).

The original petition for judicial review in this case was filed on April 27. This petition, which was timely but mentioned only Thompson's case, did not invoke the judicial review jurisdiction of the district court over any agency action other than that in Thompson's contested case. The employer failed to file a petition for judicial review in the cases of the other four claimants before the time for such filing passed on April 28. The question is whether the employer can avoid the consequences of this failure by amending the timely petition for judicial review in Thompson's case so as to pull the other four claimants' cases into the judicial review proceeding in Thompson's case. The obvious answer, we think, is that such an amendment is not permissible.

■ A court has broad discretion to grant a motion for leave to amend the pleadings in a matter pending before it. *See* Iowa R.Civ.P. 88 ("Leave to amend ... shall be freely given when justice so requires."). Nevertheless, the agency action in the cases other than Thompson's was not a matter pending before the court. The courts of our state cannot expand their judicial review jurisdiction by allowing appeal of agency action in contested cases beyond the time limit specified for that purpose by the legislature. If a party's failure to timely appeal agency action in one case could be cured merely by amend-

---

5. We agree with the parties and the district court that the court's judicial review jurisdiction over Thompson's case was properly invoked.

ment of a timely petition for judicial review of agency action in another case—even though the cases turn on similar facts—then the jurisdictional time, limits prescribed by the legislature would be rendered meaningless.

We conclude that the district court exceeded its authority by granting the employer leave to amend its petition in this case. Because the employer failed to timely file a petition for judicial review in any case other than Thompson's, the district court lacked authority to review the agency action in any case other than Thompson's.[6]

III. *The judicial review of Thompson's contested case.* The question remaining is whether the district court was correct in reversing the agency action in Thompson's case. Although Thompson argues that the agency must be affirmed because of the two affirmance rule of Iowa Code section 96.6(2),[7] a ground not urged before the district court, we need not consider that proposition because a more fundamental problem inheres in the judgment of the district court. The record shows that the court erred in this judicial review proceeding by failing to give weight to one of the agency's key findings of fact.

■ As Thompson and the EAB point out, the agency's decision to reverse the notice of overpayment in Thompson's case was based on two findings of fact which, if supported by substantial evidence in the agency record, are binding on the courts. *See* Iowa Code § 17A.19(8)(f); *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 913 (Iowa 1987). Courts are not free to interfere with the agency's findings of fact where there is conflict in the evidence or where reasonable minds might disagree about the inferences to be drawn from the evidence. *Id.* at 908. The agency's findings of fact are binding on the court in a judicial review proceeding unless contrary findings are dictated as a matter of law. *Id.*

■ The record shows that after allocating the burden of proving recoverability of benefits to the employer, the agency found that a portion of the back pay awarded to Thompson was compensation for lost wages, and a portion of the award was compensation for nonwage items. The employer had failed to show what portion of the back pay was for what type of compensation. Additionally, the agency found that the employer had failed to establish temporal overlap of the unemployment compensation benefits and the back pay awards. Applying the law to these facts, the agency ruled that the employer had failed to prove that the unemployment compensation benefits paid Thompson should be recovered under Iowa Code section 96.-3(8).

Although the allocation of the burden of proof in a benefit recovery case under section 96.3(8) is not addressed in either chapter 96 or the regulations implementing that chapter, we think the agency correctly decided that the burden of proving recoverability of the benefits should rest with the employer. In this respect, the analogy between a benefit recovery case under section 96.3(8) and an initial determination of benefits entitlement case under section 96.-6(2) is a sound one. In the latter case, the claimant has the burden of proving eligibility for benefits under section 96.4, while the employer has the burden of proving dis-

---

6. This case illustrates the distinction between "lack of subject matter jurisdiction" and "lack of authority to hear a particular case" as pointed out in *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989). The district court has subject matter jurisdiction over appeals from agency action, but because that subject matter jurisdiction was not properly invoked by timely petition in the cases other than Thompson's, the court lacks authority to exercise its jurisdiction over those cases.

7. Iowa Code section 96.6(2) applies to appeal from an initial determination of benefits entitle-

ment. The language seized on by Thompson provides:

If a hearing officer affirms a decision of the representative, or the appeal board affirms a decision of the hearing officer allowing benefits, the benefits shall be paid *regardless of any appeal which is thereafter taken,* but if the decision is finally reversed, no employer's account shall be charged with benefits so paid.

We note, in passing, that Iowa Code section 96.3 contains no language similar to the two affirmance rule in section 96.6.

qualification of the claimant under section 96.5. Iowa Code § 96.6(2).

Just as the employer has the burden of proving disqualification of an otherwise eligible claimant in an initial determination of benefits entitlement case, we think the employer should have the burden of proving recoverability of benefits from an otherwise eligible claimant in a section 96.3(8) benefits recovery case. As the hearing officer noted, in cases like this one the claimant has already been determined to have been eligible to receive, and not disqualified from receiving, unemployment compensation benefits at the initial determination of benefits entitlement stage. The employer now seeks to establish the existence of a benefits recovery situation in hope of obtaining a credit to its account with Job Service to the extent of the benefits recovered. *See* 345 Iowa Admin.Code 5.15. The agency was correct in ruling that the employer should have the burden of proving its entitlement to the benefit of a credit to its account.[8]

■ As previously noted, the agency found as a fact that the employer had failed to establish either what portion of the back pay was wages and what portion was nonwage compensation, or the extent of temporal overlap between the unemployment compensation benefits and the back pay award. Both of these findings are supported by substantial evidence in the agency record as a whole. *See* Iowa Code § 17A.19(8)(f). We need not decide whether the wage/nonwage breakdown has any legal significance, because the employer's

failure to prove temporal overlap is clearly fatal to recovery of unemployment compensation benefits from Thompson. *See* Iowa Code § 96.3(8).

In reversing the agency action in Thompson's case, the district court did not give weight to the agency's finding of fact that temporal overlap was not established. Instead, the court found that temporal overlap was established. On the record before us, which is the same record that was before the district court, we cannot say that temporal overlap was proven as a matter of law. Although the evidence in the record is vague and somewhat conflicting on this point, the agency's finding of no temporal overlap must be respected and upheld. The district court erred by not doing so.

IV. *Disposition.* The judgment of the district court is reversed. The case is remanded with instructions to dismiss the petition for judicial review of the contested cases other than Thompson's for lack of authority to hear the case, and to affirm the agency action in Thompson's contested case.

Costs on appeal are taxed to the employer.

**REVERSED AND REMANDED.**

---

8. We also note that in a benefits recovery case under Iowa Code section 96.3(8), unlike an overpayment situation under section 96.3(7) or an initial determination of benefits entitlement appeal under section 96.6(2), the employer is *not* entitled to a credit to its account merely upon showing that a benefits recovery situation exists. The employer's account with Job Service may not be credited unless and until benefits are recovered. *See* 345 Iowa Admin.Code 5.15.