Gene P. LOUISMET d/b/a the Guest House Inn, Appellant,

v.

Terrance L. BIELEMA, et al., Appellees.

No. 89–706.

Court of Appeals of Iowa.

March 27, 1990.

---

**3.** As noted earlier, Durwood, although he filed a written resistance to the sale, later testified that

he gave his consent.

J. Drew Chambers of Holleran, Shaw, Murphy & Stoutner, Clinton, for petitioner-appellant.

William C. Whitten, Employment Appeal Bd., for individual respondents-appellees.

Walter F. Maley, Dept. of Job Service, for Iowa Dept. of Employment Services.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Petitioner Gene P. Louismet d/b/a Guest House Inn purchased a Holiday Inn in Clinton, Iowa. Approximately 190 workers were hired to renovate the hotel. Louismet retained John Breher and Paul Fisk to oversee the work and hire the workers. Louismet claimed all the workers were independent contractors, and he did not withhold any money from their wages for taxes nor did he pay unemployment taxes. The workers were required to punch a time clock and were paid by the hour. They were under the control and direction of Breher and Fisk. Louismet provided the majority of tools and equipment for the employees' use. Each employee, within a few weeks or months of assuming employment, was required to sign a form stating he or she was an independent contractor.

Once work on the hotel was completed several of the workers filed claims for unemployment compensation. The Iowa Department of Job Service then became aware Louismet had not paid unemployment taxes for the workers. The department sent Louismet a notice of Employer Status and Liability which assessed him for unemployment taxes. Louismet appealed. After an administrative hearing a hearing officer determined an employer-employee relationship existed between the workers and Louismet. The hearing officer found the workers did not have sufficient control over their work to be considered independent contractors. Louismet filed a petition for judicial review. The district court affirmed the agency decision.

Louismet now appeals the decision of the district court. He contends the decision of the department was not supported by substantial evidence and the agency incorrectly found the workers were employees rather than independent contractors. He relies on the agreements signed by the workers which set forth their independent contractor status. Louismet claims the employees considered themselves independent contractors. He argues the workers accepted the benefits of being independent contractors and they should also accept the burdens.

■ I. *Scope of Review.* This appeal results from an agency proceeding. In such proceedings, the agency, rather than the district court, is empowered to hear evidence and make findings of fact. Iowa Code § 17A.19(7) (1987). The district court, when exercising the power of judicial review over agency action, is functioning in an appellate capacity to correct errors at law. *Kohorst v. Iowa State Commerce Commission,* 348 N.W.2d 619, 621 (Iowa 1984). Our review of the district court's decision is limited to correction of errors at law. *Roberts v. Iowa Dep't of Job Service,* 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hospital v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982).

II. *Employee–Independent Contractor.* The sole issue presented for review is whether substantial evidence existed to support the finding that the workers were employees and not independent contractors. "Employment" means service performed for wages or under any contract for hire. Iowa Code § 96.19(6)(a) (1989). Services performed by an individual for wages are deemed to be employment subject to Chapter 96 unless and until it is shown to the satisfaction of the division of Job Service that such individual has been and will continue to be free from control or direction over the performance of such services, both under the individual contract of service and in fact. Iowa Code § 96.19(6)(f) (1989).

■ A review of the case law reveals an independent contractor is one who has the right to exercise control or direction over his or her work. *Meredith Publishing Co. v. Iowa Employment Security Comm'n,* 232 Iowa 666, 672, 6 N.W.2d 6, 10 (1942). An independent contractor represents the will of his employer only as to the result of the work and not as to the means by which it is accomplished. *Id.*

■ The term "independent contractor" retains its common law meaning. *Moorman Mfg. Co. v. Iowa Unemployment Compensation Comm'n,* 230 Iowa 123, 135–36, 296 N.W. 791, 797 (1941). The right of control is the principal test for determining whether an employee-employer relationship exists. *Kaus v. Unemployment Compensation Comm'n,* 230 Iowa 860, 864, 299 N.W. 415, 418 (1941). The Iowa Administrative Code sets forth a number of general principles to be considered when determining if a party is an employee or independent contractor. *See* 345 Iowa Admin.Code § 3.19(1)–(7).

■ There is substantial evidence in the record to support the agency and district court's conclusion that the workers were employees and not independent contractors. They were subject to the daily control and direction of Louismet's supervi-

sory personnel. 345 Iowa Admin.Code § 3.19(1). They were required to work specific hours, use a time clock, and were subject to termination. 345 Iowa Admin. Code § 3.19(1). Louismet furnished the place to work and provided the workers with tools and equipment to use. 345 Iowa Admin.Code § 3.19(1).

The workers were not retained at a fixed price to perform a specific job. Instead, they performed their work continuously and their labor was purchased on an hourly basis. 345 Iowa Admin.Code § 3.19(2), (3). The workers did not have a right to employ assistants or delegate their work. 345 Iowa Admin.Code § 3.19(4).

 Louismet relies on the agreements each worker was required to sign to establish they were independent contractors. The record reveals each employee was asked to sign an agreement offering his or her services as a self-employed contractor.[1] In some cases, these agreements were not signed until several weeks or months after the employment had commenced. The record reveals the employees were requested to sign the agreements or risk losing their jobs. Such circumstances undercut any value the agreements have in determining whether the claimants were independent contractors. In any case, the mere act of signing such an agreement and designating a person as an independent contractor is not controlling.

If the relationship of employer and employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial. If an employee-employer relationship exists, it is of no consequence that an employee is designated as an independent contractor. 345 Iowa Admin.Code § 3.19(6).

Louismet argues the workers should not be able to retain the benefits of the signed agreements but not be bound by the status of independent contractors. We find this argument to be without merit. The employees were essentially forced to sign the agreements in order to retain their jobs, and Louismet fails to explain what "benefits" they derived from the agreement that they would not have had otherwise. They certainly did not have the benefits which derive from "independent contractor" status, i.e., the right to employ assistants and delegate work and the right to control the details, means, and methods by which a job is completed. *See generally* 345 Iowa Admin.Code § 3.19(1)–(7).

Substantial evidence supports the conclusion the workers were employees and not independent contractors. The decision of the district court is affirmed.

AFFIRMED.

---

1. Each agreement was captioned "Self Employment Contractual Agreement" and contained the following:

   This agreement is made by and between Louismet Construction and _____, in the City of Clinton, State of Iowa.

   I, _____, hereby offer my services as a self employed contractor, to Louismet Construction, and understand and agree that while I am performing these services I will submit a statement at the end of each week for payment in full.

   Under this agreement, I promise to be responsible for payment of any and all taxes, etc., that are applicable.