**Michael S. McKEAG, A Minor, by Gloria J. McKEAG, Guardian/Conservator, Appellant,**

v.

**MAHASKA BOTTLING COMPANY and Great American Insurance Companies, Appellees.**

**No. 90–515.**

Supreme Court of Iowa.

May 15, 1991.

Donald J. Charnetski of Charnetski, Olson & Lacina, Grinnell, for appellant.

Jack W. Rogers, West Des Moines, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

Mahaska Bottling Company manufactures Pepsi Cola products and distributes them in a three-state area. From 1981 to 1984 Mahaska Bottling Company employed Marlin McKeag as a corporate pilot and director of aviation. The base of McKeag's employment operations was the Oskaloosa airport.

In August 1984 an elderly Oskaloosa resident, Jim Woodard, lost a model airplane in the vicinity of the Oskaloosa airport. This fact became widely known in the Oskaloosa community. Marlin McKeag had no prior acquaintance with Woodard but learned about Woodard's loss of a model airplane. McKeag believed he might have seen the missing model airplane in the vicinity of the airport while flying on corporate business. He contacted Woodard and offered to help find the model airplane. On the afternoon of August 17 Woodard came to the Oskaloosa airport, and McKeag took him up in a Mahaska Bottling Company plane to look for the model airplane. McKeag had no authorization from Mahaska Bottling Company or any of its officials for this flight. During the flight the Ma-

haska Bottling Company plane crashed; both McKeag and Woodard were killed.

McKeag's minor son, Michael, later sought workers' compensation death benefits. In an agency action, benefits were denied on the ground Marlin McKeag's death did not arise in the course of his employment. Upon judicial review, the district court upheld the agency action. The claimant has now appealed.

The claimant contends workers' compensation benefits should be awarded under the doctrine of "public goodwill," as articulated in *Yates v. Humphrey*, 218 Iowa 792, 255 N.W. 639 (1934). Under this doctrine, an injury-causing act not directly within the scope of employment may nonetheless generate workers' compensation benefits if the act was undertaken to help a customer of the employer. The claimant acknowledges that this doctrine has not been extended in Iowa beyond the situation where the injury occurs while help is being given to the employer's customer. However, the claimant now asks that the public goodwill doctrine be extended to situations where injury occurs while an employee is giving help to a member of the general public, or at least to a member of the class of *potential* customers of the employer.

An agency's findings of fact are binding on the court in a judicial review proceeding, unless they are unsupported by substantial evidence in the record made before the agency. *Sioux City Brick & Tile Co. v. Employment Appeal Bd.*, 449 N.W.2d 634, 639 (Iowa 1989). Courts are not free to interfere with an agency's findings of fact simply because reasonable minds might disagree about the evidence or the inferences to be drawn from it. *Id.*

We need not decide whether the doctrine of public goodwill must be limited to situations where help is being given to the employer's customer. Even if the doctrine might be extended in a proper case to help given to a member of the general public, this is not the proper case for such an extension.

The record here demonstrates that Marlin McKeag had no authorization from

his employer for the flight which killed him. Moreover, the record establishes that McKeag had been expressly prohibited from using company planes for private purposes without permission. Although McKeag had violated that prohibition on several occasions, the record is completely devoid of any indication that the employer knew of these violations. Nothing in the record permits an inference that the employer had implicitly authorized or ratified in any way McKeag's practice of using company aircraft for nonbusiness purposes. In fact, it appears that McKeag had gone to considerable lengths to conceal this practice from the employer.

Under these facts we believe it is clear that McKeag's death did not arise in the course of his employment, even under the public goodwill doctrine or any possible extension of that doctrine.

Workers' compensation benefits were correctly denied. The district court's ruling is affirmed.

AFFIRMED.