**CONNOLLY BROTHERS MASONRY, a/k/a Ray Connolly Construction Company, Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT SERVICES, DIVISION OF JOB SERVICE and Job Service of Iowa Appeals Bureau, Appellees.**

No. 92–793.

Court of Appeals of Iowa.

Sept. 2, 1993.

710

Eric W. Johnson and Hugh Field of Beecher, Rathert, Roberts, Field, Fister, Walker & Morris, Waterloo, for appellant.

Walter Maley, Des Moines, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

This case involves an issue of whether a company, Connolly Brothers Masonry (Connolly), has an employer-employee relationship with its workers or whether the workers are independent contractors. The department of employment services found the workers were employees. On judicial review, the district court affirmed. Connolly has appealed. We affirm.

Connolly is a partnership operated by Ray Connolly and his two sons, Ronald and Donald. The company performs masonry work at construction sites in the area around Independence. The company had up to fifteen workers at any one time. The workers were paid each week based on the number of hours worked. Ray, Ronald, or Donald gave each worker a daily job assignment. The workers provided their own hand tools, but Connolly provided the large equipment, such as fork lifts and mixers. Connolly provided workers' compensation coverage, but did not withhold state or federal taxes from the workers' wages.

This case began when a former worker, Kenneth Grulkey, filed a claim for unemployment compensation. The department discovered Connolly had never made any contributions to the unemployment compensation fund. The situation was investigated by a field auditor, Aaron Page. The department determined Connolly was an employer as defined by Iowa Code section 96.19(16).

Connolly then sought an administrative hearing. After a hearing, the administrative law judge found the company had the right to direct and control the workers and did exercise effective direction and control over the workers. He also found the workers were hired on an hourly basis rather than at a fixed price to perform a specific task. He concluded Connolly was an employer and the workers were employees.

Connolly filed a petition for judicial review. The district court determined the evidence supported the department's findings and affirmed the department. Connolly now appeals.

On appeal from a district court judgment in a judicial review proceeding, our task is to determine whether the court correctly applied the law. *Sioux City Brick & Tile Co. v. Employment Appeal Board,* 449 N.W.2d 634, 637 (Iowa 1989). Like the district court, we apply the standards of section 17A.19(8) to the agency action. *Id.*

Connolly contends there was not substantial evidence in the record to support the department's conclusion that the workers were employees and not independent contractors. The company claims that it only directed the final result and the employees chose the means or method of achieving that result. It also claims the workers could choose the days and hours they wanted to work.

Under section 96.7(2), the job service division keeps a separate account for each employer's contributions into the unemployment compensation fund. Only employers, as the

term is defined in 96.19(16), must contribute to the fund. This definition is related to that of "employment," which is defined in section 96.19(18)(a)(2) as service performed by:

Any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee.

■ An employee is defined as a person bound to the duty of service, subject to the command of the employer, as to the manner in which the work is performed. *Meredith Publishing Co. v. Iowa Employment Security Commission,* 232 Iowa 666, 672, 6 N.W.2d 6, 10 (1942). An independent contractor is defined as one who carries on an independent business and contracts to do a piece of work according to his or her own methods, subject to the employer's control only as to results. *Moorman Manufacturing Co. v. Iowa Unemployment Compensation Commission,* 230 Iowa 123, 137, 296 N.W. 791, 797 (1941).

■ Thus, the determinative question is, did the employer have the right to direct the workers as to the manner and means of doing the work? *Id.* The right of control is considered to be the principal test. *Kaus v. Unemployment Compensation Commission,* 230 Iowa 860, 864, 299 N.W. 415, 418 (1941). The fact that an employer fails to exercise control does not mean that the right of control does not exist. *Id.*

■ A company has the burden of proof to show the Iowa Employment Security Law does not apply to it. *See Meredith,* 232 Iowa at 684, 6 N.W.2d at 16. Services performed by an individual for wages are deemed to be employment subject to chapter 96 unless and until it is shown to the satisfaction of the division of job service that the performance of services by the worker is not subject to the control and direction of the employer, both as a matter of contract and in fact. *Louismet v. Bielema,* 457 N.W.2d 10, 12 (Iowa App.1990).

■ We agree with the district court and the department of employment services that Connolly failed to meet its burden to show the performance of services by its workers was not subject to the company's control and direction. Connolly hired only workers experienced in the masonry business, and its workers did not require extensive supervi-

sion. However, we determine Connolly had the right to control the performance of services by the workers. We note that Connolly specified the time workers were to appear for work and assigned each worker a job for the day.

The fact that the workers were not retained at a fixed price to perform a specific job, but their labor was purchased on an hourly basis, tends to show they were employees. *See Louismet,* 457 N.W.2d at 13. Also, the fact that the workers used the tools and equipment of the employer, especially if they are of substantial value, tends to show the workers were employees. *See Moorman,* 230 Iowa at 136, 296 N.W. at 797. Additionally, the fact that the public dealt only with the company, and not with the workers individually, tends to show the workers were not in business for themselves and should be considered employees. *See Kaus,* 230 Iowa at 867, 299 N.W. at 419.

We conclude there is substantial evidence to show the workers hired by Connolly Brothers Masonry should be considered employees and Connolly should be considered an employer for purposes of chapter 96, the Iowa Employment Security Law. We affirm the district court and the department of employment services.

**AFFIRMED.**