Judy GREEN, Appellee,

v.

## IOWA DEPARTMENT OF JOB SERVICE, Appellant.

### No. 64684.

Supreme Court of Iowa.

Dec. 17, 1980.

Walter F. Maley, Blair H. Dewey, Joseph L. Bervid, and Thomas J. McSweeney, Des Moines, for appellant.

Lois Cox, Legal Services Corp. of Iowa, Iowa City, and Howard N. Thomas, HELP Legal Assistance, Davenport, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Job Service appeals from district court decision reversing the agency's determination that appellee Judy Green voluntarily quit her employment and consequently was not entitled to unemployment benefits. District court held Green was fired for misconduct, and that as a result she should be

disqualified from benefits for one to nine weeks, the number of weeks to be fixed by the agency pursuant to section 96.5(2)(a), The Code 1979. Green cross–appeals, asserting the act complained of did not constitute misconduct and that she should not be disqualified from receiving benefits for any period. We affirm on both appeals.

Green was employed as an accounting clerk by ITT Autowize Distribution Centers, Inc., from April 26, 1978, to February 6, 1979, when she was discharged by her supervisor. He discussed with Green her history of being tardy and absent, then requested her to sign, thereby acknowledging receipt of, an "Employee Warning" that stated:

Judy has requested more time off than any other employee and she has made no attempt to make up lost time. This is creating problems with other employees. She is late despite repeated discussions with her.

The supervisor testified the warning was given pursuant to company policy to provide "verbal warning then a written warning and after the written warning if the error is not corrected, they have to be discharged." Green testified "it made me feel like the only reason he wanted me to sign this was for a reason like such as today. For evidence that he did talk to me, I think his intentions anyway was to fire me, but he had to have some kind of written warning." She refused to sign, even after the supervisor told her she would be fired if she did not. When Green persisted in her refusal, the supervisor fired her.

Green filed a claim for unemployment compensation benefits. ITT Autowize protested.

Job Service's claims deputy found Green had been discharged for misconduct, specifically "for excessive unexcused absenteeism and excessive tardiness after being warned." The deputy disqualified her from receiving six weeks' benefits, citing section 96.5(2)(a), The Code.

Green then appealed to the Job Service appeals section. A hearing officer modified the deputy's decision by ruling, under the provisions of section 96.5(1), The Code, that Green "was not discharged for misconduct in connection with her employment, but voluntarily terminated her employment without good cause attributable to her employer and is not entitled to . . . benefits."

Green next appealed the hearing officer's decision to the agency appeal board, asserting there was no evidence to support a "voluntary quit" finding. When the appeal board affirmed the hearing officer's decision, Green filed a petition in district court for judicial review.

Among the various grounds alleged for reversal the petition asserted the hearing officer's decision was unreasonable and capricious because no legal authority supported the proposition that an employee's misconduct prior to an undisputed discharge "transforms the firing into a voluntary quit," so as to result in complete denial of benefits. The petition further alleged a finding of misconduct was not justified because Green's refusal to sign the statement was reasonable.

The petition was served upon Job Service and upon ITT Autowize, the former employer. The latter was not named a party in the caption, nor was it specifically named in the petition. However, the company was named in three exhibits attached to and referred to in the petition: copies of the hearing officer's decision, the appeal board decision, and the decision of the appeal board on rehearing.

The district court held the appeal board erred "in the application of the facts to the law" by finding a voluntary termination of employment. The court found the situation "clearly and simply amounts to employee misconduct," where "the remedy is not complete denial of benefits, but the forfeiting of benefits from one to nine weeks." The case was remanded to the agency to determine the amount of benefits to be forfeited under the provisions of section 96.5(2)(a), The Code 1979 ("He or she shall forfeit one to nine weeks benefits.").

These appeals were timely filed. In the following divisions we address the three

issues raised by Job Service, and the single issue raised by Green's cross–appeal.

I. *Did the alleged failure to name the employer in the petition for judicial review deprive the district court of jurisdiction?*

The procedure for seeking judicial review of administrative action is specified in section 17A.19(2). This section, *inter alia*, provides:

> Within ten days after the filing of a petition for judicial review file stamped copies of the petition shall be mailed by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency.

The judicial review provisions of 17A.19 are the "exclusive means" for seeking review "[e]xcept as expressly provided otherwise by another statute referring to this chapter by name . . . ." § 17A.19, The Code; *see Iowa Industrial Commissioner v. Davis*, 286 N.W.2d 658, 660 (Iowa 1979); *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426, 428–29 (Iowa 1979).

A provision of the Iowa Employment Security Act, contained in section 96.6(8), The Code, states:

> Notwithstanding the terms of the Iowa administrative procedure Act, petitions for judicial review may be filed in the district court of the county in which the claimant was last employed or resides, provided that if the claimant does not reside in the state of Iowa the action shall be brought in the district court of Polk county, Iowa, *and any other party to the proceeding before the appeal board shall be named in the petition.*

(Emphasis supplied.)

We have already noted Green's review petition did not name ITT Autowize as a party in the caption. It was named only in exhibits attached to and mentioned in the petition. Job Service claims here for the first time that therefore district court did not acquire subject matter jurisdiction to entertain the appeal. We are not so persuaded.

The above–quoted provision of section 96.6(8) is related to venue. Its obvious purpose was to permit the claimant to institute the proceeding in the county where he or she was last employed, a right not provided in the IAPA. *See Iowa Public Service Co. v. ICC*, 263 N.W.2d 766, 769 (Iowa 1978). The clause that requires other appeal board parties to be named in the petition may have been designed to link with the section 17A.19(2) requirement that "all parties named in the petition" be mailed a file stamped copy of the petition, although parties of record in a contested case also are provided the same notice. § 17A.19(2), The Code.

We find no requirement that the employer be named in a caption to the petition, although that measure might have avoided this appeal. Section 17A.19(4) only provides that "[t]he petition for review shall name the agency as respondent . . . ."

Assuming but not deciding the issue is jurisdictional, we are left with the question whether naming the employer in exhibits attached to the petition meets the section 96.6(8) "naming" requirement. Our reasoning in division II of *Frost v. S. S. Kresge Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980), filed today, resolves this issue in Green's favor.

It also is clear Green complied with all requirements of section 17A.19. The petition named the agency as respondent and Green properly served the employer, a "part[y] of record . . . before the agency," with a copy of the petition. Although Job Service argues here for the first time that any less than strict compliance with the naming requirement would violate due process because the employer would not know the review might affect its rights, we remain unconvinced. The papers attached to the petition, showing the course of the controversy and the parties before the agency, together with the petition itself, which requested that the agency decision be reversed and that Green be awarded benefits, were sufficient to alert ITT Autowize its rights might be affected.

II. *Did district court improperly exercise de novo review in reaching its decision?*

Job Service contends the district court improperly engaged in a de novo review of the evidence before the board when it reversed by finding that Green did not voluntarily quit her job but was discharged for misconduct.

■ Of course, review of final agency action under the IAPA is at law, not de novo. *See Cook v. Iowa Department of Job Service*, 299 N.W.2d 698, 701 (Iowa 1980); *Marshalltown Education Association v. PERB*, 299 N.W.2d 469, 470 (Iowa 1980); *City of Des Moines v. ICC*, 285 N.W.2d 12, 14 (Iowa 1979).

■ In this case the facts, and inferences fairly to be drawn therefrom, are undisputed. The issue then becomes one of law, and the district court is not bound by the agency's legal conclusions. *See Blacksmith v. All–American, Inc.*, 290 N.W.2d 348, 354 (Iowa 1980); *Hawk v. Jim Hawk Chevrolet–Buick, Inc.*, 282 N.W.2d 84, 87 (Iowa 1979). In the language of section 17A.19(8)(e), the agency decision may be reversed when it is "affected by . . . error of law."

This court has drawn a legal distinction between a discharge and a section 96.5(1) voluntary quit. *See Moulton v. Iowa Employment Security Commission*, 239 Iowa 1161, 1165–66, 34 N.W.2d 211, 213 (1948); *see generally Ellis v. Iowa Department of Job Service*, 285 N.W.2d 153, 156–57 (Iowa 1979); 370 I.A.C. § 4.25(96).

We hold district court correctly reached the legal conclusion Green was fired for misconduct, *see* 370 I.A.C. § 4.32(1)(a), and properly found the agency had made an error of law. In so holding we have examined the other arguments advanced by Job Service and find them to be without merit.

■ On cross–appeal Green asserts the record does not support the district court's finding that she was discharged for misconduct. Of course in review of a contested case we are not limited to district court's findings, but to the record before the hearing officers. *See Community Action Research Group v. ICC*, 275 N.W.2d 217, 218–19 (Iowa 1979).

■ Green further complains her notice of hearing only referred to the issues of absenteeism and tardiness, not insubordination, and therefore the hearing was improperly permitted to proceed. She claims the agency violated its own rule, 370 I.A.C. § 6.2(5)(d). However, we find she waived this alleged error by failing to object to the evidence on the "new" issue, by joining issue on the misconduct question, and by failing to ask for adjournment and a rescheduled hearing. We find no prejudice to her in any procedural deficiencies in this regard.

It is undisputed Judy was discharged not for her absenteeism but for her refusal to sign the "Employee Warning." She was informed by her supervisor and testified she knew that by signing the reprimand she was only acknowledging she had received the notice.

■ "Misconduct" is not defined in chapter 96, but Job Service defines it in 370 I.A.C. § 4.32(1)(a):

> *Misconduct* is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

We think district court was right in ruling Green's admitted refusal to sign the written warning was "misconduct" as a matter of law. The court properly remanded to the agency for determination of the number of weeks of unemployment benefits she should forfeit. *See Cook*, 299 N.W.2d at 703.

III. *Did district court err in its failure to give effect to the stricter penalties in the section 96.5(2)(a) amendment effective July 1, 1979?*

We have noted section 96.5(2)(a) formerly provided that a person discharged for misconduct would be disqualified for benefits for a one– to nine–week period. This section was amended effective July 1, 1979, by the 1979 Session, 68th G.A., ch. 33, § 10. It now provides for complete disqualification "until the individual has worked in and has been paid wages for insured work equal to ten times the individual's weekly benefit amount." *Id.* Job Service argues this amendment should have been applied in this case.

Green was fired February 6, 1979, and filed for benefits the same month. The hearing officer's decision was issued April 4, 1979. Upon Green's appeal, the board's decision was filed July 20, 1979. It is plain her rights had accrued, and most of the proceedings had occurred, before July 1, 1979.

The language of division II of *Cook*, 299 N.W.2d at 702–03, is directly applicable here and will not be repeated. We hold the 1979 amendment to section 96.5(2)(a), The Code, is prospective only and the law in effect at the time of Green's discharge governs this case. District court was right in remanding to the agency to determine the number of weeks of disqualification under section 96.-5(2)(a) as that statute appeared February 6, 1979.

In our consideration of this case we have granted Job Service's motion to amend and have studied the supplemental briefs filed by the Service and by Green. Nonetheless, we affirm the district court decision.

AFFIRMED.