Perry J. BALL, Appellee,

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellant.**

No. 65738.

Supreme Court of Iowa.

July 15, 1981.

Walter F. Maley, Blair H. Dewey and Thomas J. McSweeney, Des Moines, for appellant.

Perry J. Ball, pro se.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN and SCHULTZ, JJ.

ALLBEE, Justice.

This appeal turns on whether claimant's failure to name his employer in a petition for judicial review deprived the district court of jurisdiction. We conclude that it did.

In October 1979, Perry J. Ball sought unemployment compensation benefits; the claim was protested by his most recent employer, Champion Package Division of Gates, McDonald & Co. On initial determination, an Iowa Department of Job Service claims deputy found that Ball was discharged for "excessive unexcused absenteeism," and disqualified him from receiving benefits. See § 96.6(2), The Code 1979 (initial determination of claims).

Following Ball's appeal of this initial determination within the department, a hearing officer affirmed the claims deputy's de-

cision on grounds of Ball's misconduct, *see* § 96.5(2)(a), The Code 1979, *as amended by* 1979 Sess., 68th G.A., ch. 33, § 10(2)(a); 370 I.A.C. § 4.32(1)(a), and his failure to file the appeal within the time permitted by section 96.6(2). *See* § 96.6(3), The Code 1979 (appeals to a hearing officer). Ball next appealed to the department's appeal board, *see* § 96.6(4), The Code 1979, which affirmed the hearing officer's decision for the same reasons. *See* § 96.6(5), The Code 1979 (appeal board review).

With the assistance of an attorney, Ball then petitioned for judicial review. In response, the department filed a special appearance challenging the district court's jurisdiction. The special appearance was based upon Ball's failure to name his employer, a party to the proceeding, in the petition for judicial review, as provided in section 96.6(8), The Code 1979. That statute provides, in relevant part:

> Notwithstanding the terms of the Iowa administrative procedure Act, petitions for judicial review may be filed in the district court of the county in which the claimant was last employed or resides, provided that if the claimant does not reside in the state of Iowa the action shall be brought in the district court of Polk county, Iowa, *and any other party to the proceeding before the appeal board shall be named in the petition.*

(Emphasis added.) The district court overruled the special appearance and subsequently, by judgment entered on September 5, 1980, remanded Ball's claim to the department for hearing on its merits before a different hearing officer, for reasons not material here. This appeal by the department followed.

The department contends the "naming" requirement of section 96.6(8) is jurisdictional, and that Ball's failure to comply with that statutory mandate rendered his petition for judicial review fatally defective. We have previously addressed the nature of this provision, finding that substantial compliance with its terms was sufficient to satisfy the statute. *Green v. Iowa Department of Job Service*, 299

N.W.2d 651, 654 (Iowa 1980). Because the petitioner in *Green* had named his employer in exhibits attached to and mentioned in his petition for judicial review, we concluded he had satisfactorily complied with the "naming" requirement of section 96.6(8), and therefore declined to decide whether that requirement was jurisdictional. *Id.* In the present case, as previously noted, Ball did not name his employer in the petition for judicial review, either in the caption or within its allegations. Moreover, unlike the circumstances in *Green*, no exhibits were attached to the petition reflecting the course of the controversy and the parties before the appeal board. Thus, we now must confront the issue that we were not required to answer in *Green*: whether the section 96.6(8) "naming" requirement is jurisdictional.

▮ The right of judicial review is conferred by statute, and the procedures prescribed to obtain such review must be followed to confer jurisdiction on the district court. A failure to comply with applicable statutory requirements, accordingly, deprives the court of jurisdiction for judicial review. *See Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283, 287 (Iowa 1979). When jurisdiction is wanting for lack of compliance with procedures prescribed by statute, it is the court's duty to refuse to entertain an appeal. These principles apply in this case, and lead us to conclude that Ball's petition for judicial review is fatally defective.

The procedure for seeking judicial review of administrative action is specified in section 17A.19(2), The Code 1979, which states in pertinent part:

> Within ten days after the filing of a petition for judicial review file stamped copies of the petition shall be mailed by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency.

The provisions of section 17A.19 are the "exclusive means" for seeking judicial review "[e]xcept as expressly provided other-

wise by another statute referring to this chapter by name...." § 17A.19. The exclusivity of that section is modified in this instance by section 96.6(8), which provides for judicial review of decisions of the department "[n]otwithstanding the terms of the Iowa administrative procedure Act...." § 96.6(8).

 The clear, unequivocal mandate of section 96.6(8) is that any party to the proceeding before the department's appeal board shall be named in a petition for judicial review. This statutory mandate imposes a condition which must be met in order to bestow on the district court the power to review a decision of the appeal board. Thus we conclude that this mandate, the "naming" requirement of section 96.6(8), is jurisdictional.

In the case before us today, Ball has wholly ignored naming his employer anywhere in his petition, and unlike the circumstances in *Green* there was nothing attached. Although Ball did mail a file stamped copy of the petition to the employer in compliance with section 17A.19(2), there was a total lack of any compliance with the "naming" requirement of section 96.6(8). We deem this fatal to jurisdiction for judicial review. *See Cowell v. All-American, Inc.*, 308 N.W.2d 92, 94 (Iowa 1981) (substantial deviation from statutory requirements for judicial review will defeat jurisdiction). Consequently, the district court should have sustained the department's special appearance.

While it can be argued that an employer who was a party before the appeal board should realize that a petition for judicial review, asking that the board's decision adverse to the employee be reversed, might affect that employer's rights, it can be argued with equal logic that the employer could reasonably gain the impression that it is no longer directly involved or affected when it is nowhere named or alluded to in the petition, as is the case here, or in an exhibit attached to and mentioned in the petition. We believe that the legislature, by means of the "naming" requirement of section 96.6(8), has chosen to insure that an employer have notice that its rights may be affected by a judicial review proceeding.

In concluding, we cannot resist commenting, as we did in *Green*, that placing the name of the party-employer to the proceeding before the appeal board in the caption of a petition for judicial review is a simple and direct method of fulfilling the "naming" requirement of section 96.6(8), and would avoid the problem presented here. 299 N.W.2d at 654.

REVERSED WITH DIRECTIONS TO DISMISS THE PETITION FOR JUDICIAL REVIEW.