Deloma M. NORLAND,
Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee.

No. 85–456.

Court of Appeals of Iowa.

March 31, 1986.

Phillip N. Norland, Northwood, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, and Joseph L. Bervid, of Iowa Dept. of Job Service, Des Moines, for respondent-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Petitioner Norland appeals the district court's order sustaining respondent's special appearance challenging the court's jurisdiction of a judicial review proceeding. Petitioner alleges the district court erred in holding that her failure to name her former employer in the petition prevented the court from acquiring subject matter jurisdiction. We reverse and remand for a hearing on the merits.

The petition for judicial review of an agency action filed in this matter was captioned: Deloma M. Norland, Petitioner, vs. Iowa Department of Job Service, Respondent. She did not include her former employer, United Central Bank & Trust Company of Mason City in the caption. However on the second page of the petition, she stated in her affidavit that she mailed a copy of the petition, "... addressed to the said *parties* (emphasis ours) respectively,...." She then listed Iowa Department of Job Service and underneath its address listed:

Greg Nicholas, Attorney at Law
P.O. Box 1666
Mason City, Iowa   50401
Attorney for United Central Bank & Trust Co.,
Mason City, Iowa,   50401

Shortly thereafter, the Iowa Department of Job Service filed a special appearance alleging that petitioner failed to comply with Iowa Code section 96.6(8) (1981), and specifically the portion of that section that states, "Notwithstanding the terms of the Iowa Administrative Procedure Act, ... any other party to the proceeding before the Appeal Board shall be named in the petition." It therefore alleged the district court was without subject matter jurisdiction.

The district court granted the department's special appearance and petitioner appeals that decision. She also alleges that the district court erred in refusing to allow her to amend her petition according to Iowa Rules of Civil Procedures 88.

The right of judicial review is conferred by statute, and the procedures prescribed to obtain such review must be followed to confer jurisdiction on the district court. A failure to comply with applicable statutory requirements, accordingly, deprives the court of jurisdiction for judicial review. *See Kerr v. Iowa Public Service Co.,* 274 N.W.2d 283, 287 (Iowa 1979).

In *Green v. Iowa Dept. of Job Service,* 299 N.W.2d 651, 654 (Iowa 1980), the supreme court said, "We find no requirement that the employer be named in a caption to the petition, although the measure might have avoided this appeal." In the *Green* case, the supreme court found that naming the employer in exhibits attached to, and mentioned in, the petition satisfied the same procedural requirements at issue before us today. The *Green* opinion relied upon an earlier Iowa case, *Frost v. S.S. Kresge Co.,* 299 N.W.2d 646, 647–48 (Iowa 1980), where the supreme court held that misnaming the agency in the caption was not a fatal jurisdictional defect. The *Kresge* court continued:

We do not believe defects of this nature are necessarily jurisdictional.... One of the purposes of the judicial review provisions is to simplify the process of judicial review of agency action as well as increase its ease and availability. In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective government administration.

\*    \*    \*    \*    \*    \*

Moreover, we are to construe the provisions of the administrative procedure act broadly to effectuate that purpose. Sec. 17A.23, The Code, 1977.

299 N.W.2d at 648.

The Department of Job Service, in its brief, cites *Ball v. Iowa Dept. of Job Service,* 308 N.W.2d 54 (Iowa 1981), as controlling the issue presently on appeal. In that case the supreme court held that the district court correctly granted a special appearance challenging the petitioner's failure to name his employer, a party to the

proceeding, in the petition for judicial review, as provided in Iowa Code section 96.6(8) (1979). However, in that case the court noted, "In the case before us today, Ball has wholly ignored naming his employer anywhere in his petition, and unlike the circumstances in *Green* there is nothing attached." *Id.* at 56. Like *Green,* we hold the facts in the case before us can be distinguished from *Ball.* The supreme court in *Ball* noted that the employer's name was not found, "... anywhere in his petition...." However, as has been noted in this case, the petitioner did refer and name her former employer as a party to the action in her affidavit in her petition. We therefore hold that the notice here sufficiently complied with the requirements of 17A.19(2) and that petitioner substantially complied with the naming requirements of Iowa Code section 96.6(8) (1979).

Because we find the district court had jurisdiction to hear the petition for judicial review, we reverse the district court and remand for a hearing on the merits.

REVERSED AND REMANDED.