# IN THE COURT OF APPEALS OF IOWA

No. 3-1220 / 13-0637
Filed February 5, 2014

**JOHN R. HARVEY,**
        Plaintiff-Appellant,

**vs.**

**POLK COUNTY BOARD OF REVIEW,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


        John Harvey appeals the district court order dismissing his petition for judicial review.  **AFFIRMED.**


        John Harvey, Des Moines, appellant pro se.

        John P. Sarcone, County Attorney, and David W. Hibbard, Assistant Polk County Attorney, Des Moines, for appellee.


        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

John Harvey appeals the district court order dismissing his petition for judicial review. Harvey argues the district court erred in failing to rule on his motion for default judgment prior to the County's challenge to the jurisdiction of the court. We find the jurisdictional issue of whether the proper party was named, and whether proper service was achieved, are prerequisites to district court involvement, and were properly considered before Harvey's motion for default judgment. We affirm.

## I.    Background Facts and Proceedings

John Harvey appealed the tax assessment of a residential property in Des Moines believing the assessment was unfair when compared to other properties. Harvey filed an appeal with the Polk County Board of Review (PCBR), which affirmed the assessment. Harvey then appealed the assessment to the Iowa Property Assessment Appeal Board (IPAAB). After the IPAAB affirmed the assessment, Harvey filed a petition for judicial review. In the petition, he named the PCBR as the respondent but argued "[t]he conclusions of the appeal board are not supported by substantial evidence in the record." There is no evidence anyone other than the PCBR was given proper notice of the petition.[1]

On December 7, 2012, the Polk County Attorney's office returned the petition to Harvey with a letter instructing him to name the IPAAB as respondent. Harvey refused to do so. As a result the Polk County Attorney was delayed in

---

[1] Although the IPAAB is noted in the body of the petition it is not named in the petition. Harvey provided a "courtesy copy" of the petition to the IPAAB by email. This method of service fails to comply with Iowa Code sections 441.38, 441.38B or 17A.19 (2011).

filing an appearance in the case and Harvey filed a motion for default judgment. Polk County filed a motion to dismiss arguing Harvey had failed to name the proper party as respondent, depriving the district court of jurisdiction. Agreeing with Polk County's arguments, the district court dismissed the petition.

## II. Discussion

Harvey raises a single argument, phrased in two different ways. His argument is not that the substance of the district court's ruling was incorrect, but the district court should not have considered the motion to dismiss until after considering Harvey's motion for default judgment. Harvey does not enunciate the standard of review he believes applies, as required by Iowa Rule of Appellate Procedure 6.903(2)(g)(2).

A party aggrieved by a decision of the IPAAB is permitted to seek judicial review of the decision as provided by Chapter 17A of the Code. Iowa Code § 441.38B. Actions of the local board may also be appealed in the same way. *Id.* § 441.38. Section 17A.19(4) requires the appellant name the agency as respondent, and section 441.38(2) requires notice be served upon a particular individual depending upon whether it is an action of the local board, or of the IPAAB, whichever is the subject of the appeal. The appellant must substantially comply with notice requirements. *See Resthaven Cemetery Ass'n v. Bd. of Review of Polk Cnty.*, 249 N.W.2d 618, 621–22 (Iowa 1977). Failure to comply with such requirements is jurisdictional, absent which the district court is without power to consider other matters. *See Cowell v. All-American, Inc.*, 308 N.W.2d 92, 94 (Iowa 1981) ("Nevertheless, substantial compliance with statutory

prerequisites is essential for the district court to acquire jurisdiction); *Ball v. Iowa Dep't of Job Serv.*, 308 N.W.2d 54, 55–56 (Iowa 1981). Had Harvey provided proper notice to the IPAAB, our ruling may have been different. *See Cooksey v. Cargill Meat Solutions Corp.*, 831 N.W.2d 94, 103–05 (2013) ("[W]hen a respondent in an administrative action is identified in the body of the petition and served with notice . . . the matter is not subject to dismissal for failure to name the party in the caption."). Because the motion to dismiss challenged the jurisdiction of the court, it was properly considered before taking up other issues, including Harvey's motion for default judgment.

**AFFIRMED.**