**IN THE COURT OF APPEALS OF IOWA**

No. 16-0760
Filed January 25, 2017


**KARRIE FEEKIN,**
        Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF
HUMAN SERVICES,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Pottawattamie County, Kathleen A.

Kilnoski, Judge.


        Karrie Feekin appeals the district court's dismissal of her petition seeking

judicial review of agency action barring her from "involvement in child care."

**AFFIRMED.**



        Kyle J. McGinn of McGinn, Springer & Noethe, P.L.C., Council Bluffs, for

appellant.

        Thomas J. Miller, Attorney General, Tabitha J. Gardner, Assistant Attorney

General, and Michelle Greif, Student Legal Intern, for appellee.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Karrie Feekin appeals the district court's dismissal of her petition seeking judicial review of agency action barring her from "involvement in child care." Because we, like the district court, conclude Feekin failed to exhaust her administrative remedies, we affirm the court's dismissal of her petition.

## I.      Background Facts and Proceedings

Feekin was a "category B" childcare provider, a status placing limits on the number of children she could care for at one time.  Starting in 2014, the agency reimbursing Feekin for meals discovered she was caring for too many children.  Subsequently, the Iowa Department of Human Services (DHS) observed the same behavior and issued a July 2015 "notice of decision" to Feekin, barring her from "involvement in child care" and terminating her food-reimbursement contract as of July 26, 2015.  Feekin nevertheless continued to provide care, and she continued to provide care for too many children.  Thereafter, Feekin was criminally charged.

In December 2015, an administrative law judge (ALJ) conducted a hearing on Feekin's appeal of the agency's July 2015 notice.  During the hearing, Feekin appeared pro se and submitted exhibits but chose not to testify.  On December 30, 2015, the ALJ issued a proposed decision affirming the agency action.  Feekin also received a one-page document entitled, "**APPEAL RIGHTS**," which told Feekin she could "ask for review" of the ALJ decision by sending a letter within ten calendar days to the DHS director stating "why you think the decision

was wrong."[1] Importantly, the document stated all appeals "are acknowledged by a letter" from the DHS director. It is undisputed the DHS director did not send a letter to Feekin acknowledging an appeal had been filed. The document continued: "If no request for review is filed . . . the case will conclude and the Administrative Law Judge's decision becomes final. If the decision becomes final without further appeal or review, the Director will still issue a letter to the parties explaining that the decision has become final."

On January 11, 2016, the DHS director's letter informed Feekin the ALJ's proposed decision was now the final decision, stating: "No review was received within the time limits set forth in the notice of **PROPOSED DECISION**." The letter provided a phone number for Feekin to call collect "if you have any questions in regard to this decision."

On February 4, 2016, Feekin filed a petition for judicial review of the director's decision of "January 11, 2016 in a contested case proceeding." The DHS responded by filing a motion to dismiss, alleging Feekin had failed to exhaust her administrative remedies and the court lacked jurisdiction over the case. Feekin then filed a resistance, claiming for the first time that on January 5, 2016, she printed an appeal form from the DHS website and mailed it to the address provided. Feekin also alleged the "DHS never acknowledged receipt" of her appeal form, "and thereby never permitted further agency appeal of the

---

[1] The document also stated the director could independently decide to review the ALJ decision "but will tell the parties in writing if the case has been selected for review." A phone number to fax an appeal letter and a mailing address to mail an appeal letter was provided to Feekin. Finally, a phone number to call "[i]f you have any questions" was provided.

proposed decision."[2]   In response, the agency submitted exhibits from the website Feekin utilized, detailing how she could "claim good cause for not filing an appeal timely" and still receive a hearing as well as discussing a "reconsideration process."

In early March 2016, the court heard arguments from counsel on the motion to dismiss.  On April 6, 2016, the court granted the motion.  Feekin timely appealed.

## II.     Scope and Standard of Review

A "failure to exhaust an administrative remedy deprives the district court of jurisdiction of the case."  *Shors v. Johnson*, 581 N.W.2d 648, 650 (Iowa 1998). We review for correction of errors at law.  *Id.*

## III.     Analysis

Assuming without deciding Feekin mailed a timely appeal notification to the agency and her next communication from the agency was the director's notice of final decision, the question before us is whether the district court had jurisdiction at that point to review the agency action.  We conclude the court did not have jurisdiction.  *See id.*

"The exhaustion doctrine applies when (1) an adequate administrative remedy exists, and (2) the governing statute requires the remedy to be exhausted before allowing judicial review."  *Id.*  As to the second element, section 17A.19 is the exclusive means for seeking judicial review of agency action.  *See*

---

[2] As the district court aptly noted: "Each of the four pages" Feekin attached to her resistance "appeared to have been copied in a way to obscure any footer on the bottom of the page," i.e., obscuring the date.  We also note Feekin does not allege she called the phone number provided in the director's letter to ask why the letter wrongly stated no appeal had been filed.

*Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 654 (Iowa 1980). That section requires Feekin to exhaust "all adequate administrative remedies" before seeking judicial review in the courts. Iowa Code § 17A.19(1) (2016). Therefore, the second element of the exhaustion test is met, and we turn to the first element—whether Feekin had adequate administrative remedies she failed to utilize before seeking judicial review of agency action. *See Shors*, 581 N.W.2d at 650.

After Feekin was told the director would send a letter acknowledging any appeal to all parties, she knew she had not received an acknowledgment from the director of her mailed letter of appeal. According to Feekin, her next communication from the agency was the director's final decision telling Feekin no party had appealed. At that point, Feekin ignored "adequate administrative remedies" that allowed her to tell the agency that she had, in fact, appealed the proposed decision and the director was mistaken in stating no party had appealed. Specifically: (1) Feekin did not present a "good cause" argument to the agency stating it had ignored or did not receive her mailed letter and, as such, the director should hear her appeal; and (2) Feekin did not seek reconsideration of the director's decision based on her mailed letter of appeal. Instead of pursuing any of these internal administrative options based on her mailed letter of appeal, Feekin prematurely turned to the courts and sought judicial review. *See IES Utils., Inc. v. Iowa Dep't of Rev.*, 545 N.W.2d 536, 538 (Iowa 1996) (stating chapter 17A is a carefully crafted framework requiring litigants "to follow the rules as a prerequisite to obtaining *proper* access to the

district court for judicial review—a voyage "referred to as the 'exhaustion' requirement").

We require an exhaustion of administrative remedies in order to honor "agency expertise," to handle "matters within an agency and not in the courts," and to preserve "precious judicial resources." *IES*, 545 N.W.2d at 538. Because Feekin failed to exhaust her administrative remedies, the district court did not have jurisdiction over her case. *See Shors*, 581 N.W.2d at 650. Accordingly, we affirm the court's dismissal. Costs on appeal are taxed to Feekin.

**AFFIRMED.**