An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
CONTESTED INDUSTRIAL
INSURANCE CLAIM OF SANSON
GONZALEZ.

FURNITURE ROYAL, INC.,
Appellant,
vs.
SANSON GONZALEZ; AND STATE OF
NEVADA, DIVISION OF INDUSTRIAL
RELATIONS,
Respondents.

No. 64124

**FILED**

APR 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a petition for judicial review in a workers' compensation matter for lack of jurisdiction.[1] Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

Having considered the parties' briefs and appellant's appendix, we conclude that the district court did not err in dismissing the petition for lack of jurisdiction because merely attaching the appeals officer's order to the petition did not correct the petition's deficiency. *See* NRS 233B.130(2)(a) (requiring that a petition for judicial review name as respondents the agency and all parties of record to the administrative proceeding); *Washoe Cnty. v. Otto*, 128 Nev. Adv. Op. No. 40, 282 P.3d 719,

---

[1]As the State of Nevada, Division of Industrial Relations is participating as a respondent in this appeal, we direct the clerk of the court to modify the caption on this court's docket to conform to the caption on this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-12962

725 (2012) ("[I]t is mandatory to name all parties of record in a petition for judicial review of an administrative decision, and a district court lacks jurisdiction to consider a petition that fails to comply with this requirement."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J., dissenting:

I agree with appellant that *Washoe County v. Otto*, 128 Nev. Adv. Op. No. 40, 282 P.3d 719 (2012), is distinguishable from the facts here because in *Otto*, the respondent taxpayers were not identified by name in the caption or body of the petition for judicial review or in an attached exhibit to the petition. *Id.* at 723. Here, by attaching the appeals officer's order to the petition, appellant clearly identified the proper parties to the judicial review proceedings. I believe that this is sufficient to meet the requirements of NRS 233B.130(2)(a), which requires that "the agency and all parties of record to the administrative proceeding" be named as respondents, but does not specifically require that the parties be named in the caption to the petition. *See Cooksey v. Cargill Meat Solutions Corp.*, 831 N.W.2d 94, 103-04 (Iowa 2013) (concluding that in evaluating the statutory naming requirement, "the contents of a petition seeking review of an administrative action should be evaluated in its entirety" and that identifying the respondents in the body of the petition

SUPREME COURT
OF
NEVADA

(O) 1947A

and serving respondents with notice satisfies the requirement). It appears that appellant served the petition on respondents and, although appellant also did not expressly name the respondents in the body of the petition, the appeals officer's order that identified the parties to the administrative proceeding, attached as an exhibit, is incorporated as part of the petition. *See Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 654 (Iowa 1980) (concluding that naming the employer in an exhibit attached to a petition for judicial review meets the statutory naming requirement); *cf.* NRCP 10(c) (incorporating an exhibit to a pleading as part of the pleading for all purposes). Therefore, I disagree with the majority that the language of *Otto* should be read so broadly so as to encompass the factual circumstances at issue here, and I respectfully dissent.

_____, J.
Pickering

cc:  Hon. Kerry Louise Earley, District Judge
     Persi J. Mishel, Settlement Judge
     Law Offices of Michael P. Balaban
     Dept. of Business and Industry/Div. of Industrial
          Relations/Henderson
     Greenman, Goldberg, Raby & Martinez
     Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A